**UNITED STATES of America,**
**Appellee,**

v.

**Felix Lindsey O'NEAL, Appellant.**

**No. 71–1101.**

United States Court of Appeals, Tenth Circuit.

Jan. 4, 1972.

Michael Lerner, Kansas City, Kan., for appellant.

James A. Pusateri, Asst. U. S. Atty., Kansas City, Kan. (Robert J. Roth, U. S. Atty. on the brief), for appellee.

Before PHILLIPS, HOLLOWAY and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellant was convicted under 18 U. S.C. § 922(g) (1) of interstate transportation of a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and in the instant case was sentenced to four years imprisonment. The Government moves to dismiss his appeal on the grounds that he has fled the jurisdiction of the Court and failed to appear as ordered before the District Court for a hearing as to whether the conditions of his appeal bond should be modified.

After conviction in September, 1970, appellant was freed on an appeal bond. In December, 1970, an application was made for a show cause order which was

issued and appellant was ordered to appear on December 28 before the District Court for a determination whether the conditions of release should be modified. He failed to so appear and the appeal bond was forfeited and a bench warrant issued. The record shows no indication of any appearance by appellant thereafter. At argument on the motion to dismiss there was no dispute asserted by appellant's counsel as to these record facts.

Counsel for appellant answered in writing and objected to dismissal and also appeared and argued in opposition to the motion to dismiss. We realize that this is an appeal of right in a criminal case and that its dismissal is a serious matter. Nevertheless from all appearances before us, appellant has absconded and defies the authority of the courts. In such circumstances we feel he is in no position to insist upon the hearing and determination of the merits of his appeal. We feel that a conditional dismissal of the appeal is in accord with sound principles as stated in Molinaro v. New Jersey, 396 U.S. 365, 366, 90 S.Ct. 498, 499, 24 L.Ed.2d 586:

> "No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims."

See also Eisler v. United States, 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897; United States v. Dawson, 350 F.2d 396 (6th Cir.); Stern v. United States, 249 F.2d 720 (2d Cir.); cf. Johnson v. Laird, 432 F.2d 77 (9th Cir.).

We conclude that we should rule on the merits of the appeal if appellant surrenders himself to the custody of the District Court within 30 days of the filing of this opinion and if an appropriate supplement to our record is filed within 15 days thereafter, showing such appearance and submission to the orders of the District Court; if such a showing is not made, the appeal will be dismissed pursuant to the Government's motion.