**Juan Jose LOPEZ, Petitioner-Appellant,**

v.

**Clyde MALLEY, Warden, New Mexico State Penitentiary, Respondent-Appellee.**

No. 77–1126.

United States Court of Appeals, Tenth Circuit.

April 15, 1977.

William Deaton, Federal Public Defender, Tova Indritz, Asst. Federal Public Defender, Albuquerque, N. M., filed memorandum in opposition to summary affirmance on behalf of petitioner-appellant.

Toney Anaya, Atty. Gen., Louis Druxman, Asst. Atty. Gen., Santa Fe, N. M., appeared on behalf of respondent-appellee.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellant Lopez was tried and convicted in a New Mexico state trial court of commercial burglary and larceny. He appealed, unsuccessfully, to the New Mexico Court of Appeals. His subsequent application for post-conviction relief to the trial judge pursuant to Rule 57, New Mexico Rules of Criminal Procedure, was also unsuccessful.

Following the foregoing unsuccessful attempts to obtain post-conviction relief through state courts, Lopez initiated the instant habeas corpus proceedings in the district court. His petition was dismissed on the ground that state post-conviction remedies have not been exhausted. Notice of appeal was filed on behalf of Lopez by counsel, the Federal Public Defender for New Mexico. However, we were advised during the early stages of the instant appeal that Lopez had escaped from custody. He apparently remains at large to date. We must therefore decide whether this appeal should be dismissed due to the fact that the appellant is presently in an escape status.

"Disposition by dismissal of pending appeals of escaped prisoners is a longstanding and established principle of American law. . . . [The United States Supreme Court] itself has long followed the practice of declining to review the convictions of escaped criminal defendants. . . ." *Estelle v. Dorrough,* 420 U.S. 534 at 537, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975). The reasoning in support of such dismissals is that, if the case were affirmed, the appellant in all likelihood would not surrender to submit to his sentence. If reversed, he will probably surrender only if it is in his interest. We are accordingly reluctant to decide what may prove to be a moot case. *United States v. Swigart,* 490 F.2d 914 at 915 (10th Cir. 1973). *See also Ruetz v. Lash,* 500 F.2d 1225, 1229 (7th Cir. 1974); *United States v. O'Neal,* 453 F.2d 344 (10th Cir. 1972).

Lopez' counsel correctly notes that cases of the type cited above pertain to direct criminal appeals. Counsel contends here that habeas cases are civil in nature, are therefore distinguishable from the above cited direct criminal appeal cases, and should not be subject to dismissal for the reason that the appellant has escaped.

We disagree that such a distinction can be drawn between appeals in habeas corpus cases and direct criminal appeals. The reasons for dismissing the appeal of an escaped prisoner are equally applicable to both. Here, Lopez is not in custody, thereby mooting the effect any grant or denial of habeas relief may have. The appeal is accordingly dismissed. However, should Lopez be committed to the custody of the State of New Mexico, by surrender or otherwise, within thirty days of the date this opinion is filed, the appeal will be reinstated. Such reinstatement will be conditioned upon proper notification to this court, within fifteen days after return to custody, that Lopez was in fact returned to custody within the specified time period.

Dismissed.