**Kent TAYLOR, Petitioner-Appellant,**

v.

**Charles EGELER, Warden,
Respondent-Appellee.**

No. 77–1519.

United States Court of Appeals,
Sixth Circuit.

Argued April 14, 1978.

Decided May 23, 1978.

David W. Wright, Bloomfield Hills, Mich. (Court appointed), for petitioner-appellant.

Frank J. Kelley, Atty. Gen. of Michigan, Robert A. Derengoski, Sol. Gen., Thomas L. Casey, Asst. Atty. Gen., Lansing, Mich., for respondent-appellee.

Before EDWARDS, CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

The literal meaning of the writ of habeas corpus ad subjiciendum comes from the Latin *habeas corpus* which means "you should have the body." It is an extraordinary writ the office of which is to examine the legality of a prisoner's confinement. If granted, the writ orders the jailer or other custodian to produce the body and free the prisoner either absolutely or conditionally.

If there is no body for the jailer to produce, the writ is unnecessary. Such is the case here since appellant has escaped from appellee's custody during the pendency of this appeal. The writ of habeas corpus requested by appellant, and denied by the district court, would now serve no function beyond that achieved by appellant without the assistance of the courts. We see no reason to rule on the merits of the district court's denial of the writ in what is now, at least temporarily, a moot case. The appeal will be dismissed.

This result is in accord with the rule that review will not be given to the convictions of escaped criminal defendants. *Estelle v. Dorrough,* 420 U.S. 534, 537, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). Other circuits have also extended this rule to escaped habeas corpus petitioners. *Lopez v. Malley,* 552 F.2d 682 (10th Cir. 1977); *Van Blaricom v. Forscht,* 490 F.2d 461 (5th Cir. 1974).

If, however, appellant is returned to appellee's custody, voluntarily or otherwise, within thirty days of the filing of this opinion, the appeal will be reinstated, conditioned upon appropriate notice to this Court within fifteen days thereof, for prompt consideration by this panel without further briefing or oral argument. *Lopez, supra; Van Blaricom, supra.*

Dismissed.