**UNITED STATES of America, Appellee,**

v.

**Orland Eugene MILLER, Appellant.**

**No. 78–1707.**

United States Court of Appeals, Eighth Circuit.

Submitted May 3, 1979.

Decided May 16, 1979.

Orland Eugene Miller, pro se.

Andrew W. Danielson, U. S. Atty., Ann D. Montgomery, Asst. U. S. Atty. and Thomas Wieser, Legal Intern, Minneapolis, Minn., for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Orland Eugene Miller appeals from a decision of the District Court dismissing his petition for a writ of habeas corpus. Miller argues that the Parole Commission's guidelines, 28 C.F.R. § 2.20, violate the *ex post facto* clause of the Constitution and their application in his case frustrated the intent of the sentencing judge. He also argues that he was not given meaningful parole consideration. We affirm.

Miller entered a plea of guilty for making false statements in the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a). He was sentenced in February, 1978, to a three-year term pursuant to 18 U.S.C. § 4205(b)(2). In July of 1978, an initial hearing for Miller's parole was held; and pursuant to the guidelines, a presumptive parole date of January, 1980, was recommended. Miller then filed this petition. The District Court dismissed the petition on the ground that an appeal of the initial parole decision was pending before the Regional Commissioner, and that further appeal to the National Appeals Board was possible. *See* 28 C.F.R. §§ 2.24 and 2.26. The Regional Commissioner has now modified the initial decision and this decision has been affirmed by the National Appeals Board. Miller's presumptive parole date is presently set for August, 1979. Since all possible Parole Commission appeals have been completed, we consider the merits of Miller's petition.

■ Miller initially argues that the parole guidelines violate the *ex post facto* clause of the Constitution. The *ex post facto* clause prohibits laws "aggravat[ing] a crime, or mak[ing] it greater than it was, when committed" and laws "chang[ing] the punishment, and inflict[ing] a greater punishment, than the law annexed to the crime, when committed." *Calder v. Bull,* 3 U.S. (3 Dall.) 385, 390, 1 L.Ed. 648 (1798). The constitutionality of the parole guidelines under the *ex post facto* clause was questioned in *Geraghty v. United States Parole Commission,* 579 F.2d 238 (3d Cir. 1978), cert. granted, —— U.S. ——, 99 S.Ct. 1420, 59 L.Ed.2d 632 (1979). We are not, however, confronted with the same situation as in *Geraghty.* The appellant in *Geraghty* was sentenced prior to the adoption of the guidelines, whereas Miller was sentenced in February, 1978, more than four years after the guidelines were promulgated. At the time of Miller's sentencing, the sentencing judge was aware of the effect of the guidelines on the sentence. Moreover, there has been no substantial change in the guidelines since Miller's sentencing that would affect his parole eligibility. Under these circumstances, we conclude that the *ex post facto* clause was not violated.

■ Miller next argues that the Commission's application of the guidelines frustrated the intent of the sentencing judge. He claims that the judge's intent was to place him on a work release program and that this recommendation was ignored by the Commission. We find the claim to be unsupported by the record. Neither the statements of the court at the time of sentencing nor the commitment order contain any recommendation or reference to a work release program for Miller. Moreover, the responses by the court to Miller's letters requesting a work release because of hardship do not imply or recommend any type of release.[1]

■ Miller finally argues that he was not given meaningful parole consideration because his initial hearing was held more than 160 days after sentencing and not within the 120-day period prescribed by 28 C.F.R. § 2.12(a). That section provides that a hearing shall be held within 120 days of arrival, or "as soon thereafter as practicable." *Id.* Miller's initial hearing was scheduled within 120 days after his arrival at the Federal Correctional Institution in Englewood, Colorado. One week before this hearing date, however, Miller was transferred to the Federal Correctional Institution in Sandstone, Minnesota. Miller

---

1. We do not decide what impact, if any, this type of recommendation would have on the parole decision.

received a hearing eight days after arriving in Sandstone. When an inmate has not been afforded a timely hearing, the proper course is to grant him a hearing at the earliest possible date, as was done here. *Cf. Calvin DeShields v. United States Parole Commission*, 593 F.2d 354, 356 (8th Cir. 1979); *Burton v. Ciccone*, 484 F.2d 1322, 1323 (8th Cir. 1973). Moreover, the record does not disclose that Miller suffered any prejudice because of the delay. We conclude that Miller was not deprived of meaningful parole consideration.

Affirmed.