James William KIRBY, Appellee,

v.

UNITED STATES of America, Appellant.

No. 79-1214.

United States Court of Appeals, Eighth Circuit.

Submitted June 4, 1979.

Decided June 7, 1979.

Rehearing Denied July 16, 1979.

---

Joseph A. Barry, Gen. Counsel, U. S. Parole Commission, and Rockne Chickinell, Staff Atty., U. S. Parole Commission, Washington, D. C., Andrew W. Danielson, U. S. Atty., and Ann D. Montgomery, Asst. U. S. Atty., Minneapolis, Minn., on brief, for appellant.

No brief for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

The United States has appealed a decision of the district court requiring the United States Parole Commission to grant petitioner, James William Kirby, a new parole hearing and give consideration to the petitioner's prior institutional behavior due to petitioner's sentence under 18 U.S.C. § 4205(b)(2). Petitioner filed the instant habeas corpus action in May 1978. On August 25, 1978, before issuance of the district court's order, petitioner escaped from federal custody. Nonetheless, the district court on January 11, 1979, entered its order requiring the Parole Commission to conduct a new parole hearing for Kirby within 60 days of its order.

On appeal the Government informs us that Kirby was arrested by the F.B.I. on an escape warrant on April 10, 1979. The Government urges that the case is not mooted by reason of petitioner's recapture. *Compare Hicks v. United States Board of Paroles & Pardons,* 550 F.2d 401, 402 n. 3 (8th Cir. 1977) *with Taylor v. Egeler,* 575 F.2d 773 (6th Cir. 1978). We do not reach that issue. Even if we were to approve the district court's opinion requiring the Parole Commission to grant petitioner a new hearing, it is obvious the fact of petitioner's escape would enter into the Commission's consideration. In view of this new development of the case, i. e., the fact of Kirby's escape, we vacate the district court's order. Petitioner should seek any further relief directly from the Parole Commission.

The order is vacated.