Donald L. HAYWARD, Petitioner,

v.

U. S. PAROLE COMMISSION, Joseph Petrovsky, Warden, Respondents.

Civ. No. 3–79–141.

United States District Court,
D. Minnesota,
Third Division.

Oct. 29, 1980.

On Motion for Release Pending
Review Dec. 8, 1980.

Brian C. Southwell, Minneapolis, Minn., for petitioner.

Thomas K. Berg, U. S. Atty., James A. Morrow, Asst. U. S. Atty., Minneapolis, Minn., for respondents.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This matter is before the court on the petitioner's objections to the United States Magistrate's recommendations pertaining to a petition for a writ of habeas corpus. We decline to accept the recommendation of the magistrate and order that the petitioner be granted a new parole hearing in accordance with this opinion.

Petitioner Donald L. Hayward was convicted of a violation of 21 U.S.C. § 841(a)(1) for distribution of heroin. He was sentenced on October 22, 1976 in the Eastern District of New York to a term of imprisonment for seven years plus a special parole term of three years pursuant to 18 U.S.C. § 4205(b)(2). Hayward received an initial parole hearing on March 10, 1978, and at that time his parole determination was referred to the National Commission for consideration as an "original jurisdiction" matter with a recommendation that Hayward be continued for a four year reconsideration hearing in March 1982. On May 4, 1978, the National Commission determined that Hayward should be continued for a four year reconsideration hearing in March 1982, with a statutory interim hearing in March 1980. The commission's decision was based on current Parole Commission guidelines which rate Hayward's offense behavior as Greatest I severity, a salient factor score of 11,[1] requiring under Commission guidelines that he serve 40 to 55 months of his sentence. See 28 C.F.R. § 2.20 (1978). The Commission placed Hayward above these guidelines, citing as reasons the fact that his offense was unusually sophisticated and that he was part of an ongoing smuggling and distribution operation involving 12 co-defendants and covering a period of two years or more. No mention was made of Hayward's institutional adjustment in the Commission's Notice of Action of May 4, 1978. Application of the Parole Commission guidelines in effect at the time of Hayward's sentencing would have dictated that he serve a customary range of 26 to 36 months. See 28 C.F.R. § 2.20 (1974).

1. The salient factor score measures offender characteristics as they apply to parole progno-sis. Eleven is the highest attainable salient factor score. See 28 C.F.R. § 2.20 (1979).

Since the initial hearing, Hayward has received interim hearings in September 1979 and May 1980. The result of those hearings was to continue Hayward to the expiration of his sentence, which is a period of time in excess of the 52 month customary maximum under the current guidelines. The Notices of Action dated November 13, 1979 and July 7, 1980, containing the determination that Hayward would be continued to expiration, listed as reasons for going above the guidelines essentially the same reasons set forth in the Notice of Action which followed the initial parole hearing. The July 1980 Notice of Action added as a reason that Hayward violated a public trust in that he was a police officer at the time of the offense. Again, no mention was made of Hayward's outstanding institutional adjustment in these notices.

On February 23, 1979, Hayward petitioned this court for a writ of habeas corpus on the grounds that application of Parole Commission guidelines not in force at the time of sentencing violates the *ex post facto* clause of the United States Constitution, and that the Commission failed to consider Hayward's sentencing under 18 U.S.C. § 4205(b)(2) in making petitioner's parole determination. The petition for the writ of habeas corpus and request for an evidentiary hearing were denied. Upon appeal, the Eighth Circuit Court of Appeals remanded this matter for an evidentiary hearing for consideration of two issues:

1. Whether the United States Parole Commission acted within its statutory authority in denying the parole application; and

2. Whether the application of changes in Parole Commission regulations to Hayward violates the *ex post facto* clause of the United States Constitution.

After holding an evidentiary hearing, the United States Magistrate's recommendation found that the Parole Commission did act within its statutory authority in denying Hayward's parole application, and that application of the regulations to Hayward did not violate the *ex post facto* clause. Hayward objects to both of these findings.

## I. The Statutory Authority of the Parole Commission

In enacting Section 4205(b)(2) (hereinafter "(b)(2)") as part of the Parole and Reorganization Act of 1976, P.L. 94–233, 90 Stat. 219, Congress re-enacted existing provisions of law which enabled the sentencing judge to specify that the Parole Commission shall decide when the prisoner should be considered for parole. H.Conf.Rep.No.94–838, 94th Cong., 2d Sess., 24–25, *reprinted in* [1976] U.S.Code Cong. & Ad.News, pp. 335, 357.[2]

Sentencing under (b)(2) results in immediate parole eligibility. The Eighth Circuit has held that a (b)(2) sentence incorporates certain objective considerations of the sentencing court:

> The district judge, in sentencing under section 4205(b)(2), has an objective expectation: (1) that the prisoner will be given meaningful parole consideration at or before the one–third point of his sentence and (2) that the prisoner's institutional conduct and rehabilitation will be major factors in the Parole Board's determination .... [T]he Parole Board must exercise its discretion in a manner consistent with the federal Constitution, applicable statutes, its own published rules, and the mandate given it by the sentencing judge at the time of sentencing. Part of the sentencing judge's mandate is fulfillment of his objective expectations regarding meaningful consideration of parole applications of prisoners sentenced under section 4205(b)(2).

*Edwards v. United States*, 574 F.2d 937, 941, 942 (8th Cir.), *cert. dismissed*, 439 U.S. 1040, 99 S.Ct. 643, 58 L.Ed.2d 700 (1978). The Parole Commission *must* take into account the sentence imposed in making parole decisions. *Geraghty v. United States*, 579 F.2d § 238 (3d Cir. 1978); *vacated on other grounds*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980); *Kirby v. Unit-*

2. This sentencing provision was formerly found in 18 U.S.C. § 4208(a)(2).

*ed States*, 463 F.Supp. 703 (D.Minn.) (Alsop, J.), *vacated on other grounds*, 600 F.2d 146 (8th Cir. 1979).

The question presented is whether or not the Parole Commission gave Hayward's parole application meaningful consideration in light of the imposition of the (b)(2) sentence. The Parole Commission presented evidence at the evidentiary hearing of July 30, 1980 that Hayward's institutional adjustment was considered at the parole hearing of March 7, 1978. The evidence shows that the examining panel discussed with Hayward his institutional adjustment and had before it a progress report prepared by institution staff detailing that adjustment. That progress report stated that Hayward had an "excellent attitude" and had made an "excellent impression" during his incarceration. A subsequent progress report of April 1980 indicates that Hayward's excellent institutional adjustment had not changed. However, the Notice of Action issued by the National Commissioners as a result of this hearing, setting forth the reasons for a four year continuance of parole consideration as required by 18 U.S.C. § 4206, does not mention Hayward's outstanding institutional adjustment. Under these circumstances, it cannot be said that Hayward's institutional adjustment was a major consideration in the parole commission's determination.

By using only those factors available to the sentencing judge at the time of sentencing as a basis for continuation above the guidelines to the expiration of a prisoner's sentence, the Parole Commission has failed to give meaningful parole consideration to a prisoner sentenced under 18 U.S.C. § 4205(b)(2). *See Kirby v. United States*, 463 F.Supp. at 708. A decision to go above the guidelines requires that the Commission state its reasons with specificity and expressly evaluate and explain the emphasis placed on the prisoner's institutional adjustment. *Id.* at 707. If all stated reasons for continuation to expiration were before the trial judge at the time of sentencing, the Parole Commission's actions are tantamount to a resentencing and as such deny a prisoner meaningful parole consideration.

*Id.* at 708. Here the Parole Commission's stated reasons for continuation to expiration were exclusively factors known to the judge at the time of sentencing.

Therefore, it is necessary that Hayward be afforded a reconsideration of his eligibility for parole in light of the (b)(2) sentence and the corresponding duties of the Commission.

II. *Application of the Guidelines as an Ex Post Facto Violation.*

 The regulations in effect at the time of Hayward's sentencing contained guidelines that, when applied to Hayward, indicated that the customary range of time he should serve was 26 to 36 months of his sentence before being paroled. *See* 28 C.F.R. § 2.20 (1974). The guidelines in effect at the time of sentencing placed Hayward's offense in the "very high" category, based on the fact that sale of hard drugs was involved and Hayward had no prior convictions. *Id.*

Subsequent to Hayward's sentencing, the Parole Commission enacted two new sets of guidelines. The first of these, promulgated on August 5, 1977, changed the emphasis for offense severity for drug violations from prior convictions to the dollar amount of drugs involved. *See* 42 Fed.Reg. 39814 (1977). The second change was wrought on September 30, 1977 when the Commissioner revised the "Greatest I" and "Greatest II" categories, with the result that Hayward's offense was now classified as "Greatest I." *See* 42 Fed.Reg. 52399 (1977). The Parole Commission applied these guidelines to Hayward, dictating that Hayward serve a customary range of 40 to 52 months of his sentence. The Commission took Hayward above the guidelines in continuing him to the expiration of his sentence. Hayward argues that application of parole guidelines promulgated *after* his sentencing violates the *ex post facto* clause of the United States Constitution. This court agrees.

The *ex post facto* clause prohibits Congress from passing any law that "makes an action done before the passing of the law,

and which was innocent when done, criminal; ... or .... changes the punishment, and inflicts a greater punishment, than the law annexed to the crime when committed." *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798). Parole eligibility is properly viewed as part of the punishment annexed to a crime. *See Warden v. Marrero*, 417 U.S. 653, 662, 94 S.Ct. 2532, 2537, 41 L.Ed.2d 383 (1974).

When Congress has delegated to an agency the power to make rules, instead of formulating rules itself, those rules are an extension of the statute for the purposes of the *ex post facto* clause. *Rodriguez v. United States Parole Commission*, 594 F.2d 170, 173 (7th Cir. 1979); *Geraghty v. United States Parole Commission*, 579 F.2d at 266. In this instance, the Parole Commission has been empowered to adopt rules and regulations to carry out the national parole policies. 18 U.S.C. § 4203(a)(1). The rules adopted by the Commission containing the guidelines to be applied in making parole decisions have the force and effect of law. The guidelines are more than mere statements of general policy. They have a substantial impact on a prisoner's chances for parole. *Pickus v. United States Board of Parole*, 165 U.S.App.D.C. 284, 290, 507 F.2d 1107, 1113 (1974). The guidelines "have significant consequences .... [T]hey define a fairly tight framework to circumscribe the Board's statutorily broad power .... [T]hey are self-imposed controls over the manner and circumstances in which the agency will exercise its plenary power." *Id.* The legislative history of the Parole and Reorganization Act approved the view taken by the *Pickus* court regarding the nature of Parole Commission rules. House Conf. Rep.94–838, *supra*, at 36, U.S.Code Cong. & Ad.News at 368.

The issue which then must be resolved is whether or not the application to Hayward of guidelines enacted after his sentencing violated the *ex post facto* clause by changing the punishment or annexing a greater punishment to the crime than at the time it was committed. The test of an *ex post facto* law is not whether the punishment received is within the outer limits of the law at the time the crime was committed. The test is whether the later standard of punishment is more onerous than that earlier in effect. *Lindsey v. Washington*, 301 U.S. 397, 400, 57 S.Ct. 797, 798, 81 L.Ed. 1182 (1937). "[A]n increase in the possible penalty is *ex post facto* ... regardless of the length of the sentence actually imposed." *Id.* at 401, 57 S.Ct. at 799. It is the standard of punishment that must be considered in determining whether or not the *ex post facto* clause had been violated. *Id.* Thus, if application of the new guidelines to Hayward results in a more onerous standard of punishment for his offense, there is an *ex post facto* violation.

The Eighth Circuit Court of Appeals considered an *ex post facto* challenge to the parole guidelines in *United States v. Miller*, 599 F.2d 249 (8th Cir. 1979) (per curiam). The court found no *ex post facto* violation in the application of the guidelines to the prisoner because he had been sentenced more than four years after the parole guidelines had been promulgated, at the time of sentencing the trial judge was aware of the guidelines, and there had been no substantial changes in the guidelines since sentencing that would affect the prisoner's parole eligibility. The court noted that these factors distinguished *Miller* from *Geraghty v. United States Parole Commission*, 579 F.2d 238 (3d Cir. 1978). In *Geraghty*, the plaintiff was sentenced in 1973 under 18 U.S.C. § 4208(a)(2) (now 4205(b)(2)), which made him eligible for parole immediately. Only after his sentencing did the Parole Commission promulgate the regulations containing the guidelines for customary release dates. Alleging that only one prisoner in ten was released before his customary release date, Geraghty challenged the guidelines as an *ex post facto* law.

The court found that promulgation of the 26 month release date deprived the prisoner of "the possibility of a substantially more lenient punishment." *Id.* at 265. The court concluded, "[T]hat where a statute to deprive already incarcerated or sentenced

prisoners of the possibility of parole for the first 26 months of their sentence, when such was not the situation at the time of the sentence, that statute would be unconstitutional." *Id.* (footnote omitted). We adopt this reasoning in light of the Eighth Circuit's application of the *Geraghty* decision in *United States v. Miller*, 599 F.2d 249 (8th Cir. 1979). *But see Portley v. Grossman*, 444 U.S. 1311, 100 S.Ct. 714, 62 L.Ed.2d 723 (Rehnquist, Circuit Justice, 1980); *Shepard v. Taylor*, 556 F.2d 648 (2d Cir. 1977); *Ruip v. United States*, 555 F.2d 1331 (6th Cir. 1977).

In this instance, there have been substantial changes in the parole guidelines in effect at the time of sentencing that affect Hayward's eligibility for parole. These changes effectively denied Hayward the possibility of parole for at least the first 40 months of his sentence, instead of the 26 months under the guidelines in effect in 1976 at the time of sentencing. The conclusion that Hayward has been effectively denied the possibility of parole is supported by the legislative history of the Act. Congress contemplated that the guidelines would be followed except for "good cause." "Good cause" was defined as "substantial reason" for going outside the guidelines. H.Conf. Rep.No.94–838, *supra* at 27, U.S.Code Cong. & Ad.News at 359. In fact, if decisions to go above or below the guidelines were frequent, the Commission was advised to re-evaluate the guidelines. *Id.*, H.Conf.Rep. No.94–838 at 27, U.S.Code Cong. & Ad. News at 360. Thus, application of later guidelines to Hayward violates the *ex post facto* clause.

It is irrelevant to this holding that the Parole Commission could have taken Hayward above the guidelines under the prior version of the guidelines. One is not barred from challenging a change in the law on *ex post facto* grounds merely because the punishment received under the new law is not more onerous than that which may have been received under the old. *Dobbert v. Florida*, 432 U.S. 282, 300, 97 S.Ct. 2290, 2301, 53 L.Ed.2d 344 (1977). Moreover, requiring Hayward to serve for an amount of time in excess of the 26 to 36 month customary release date under the old guidelines would in all likelihood result in a substantially shorter sentence than adding time to the guidelines currently in force.

Accordingly, it is ordered that the Parole Commission afford Hayward a new parole hearing which shall be conducted in accordance with the principles set forth in this decision, and the Parole Commission shall communicate the result of this hearing to the petitioner and to this court within sixty (60) days of the date of this order.

## On Motion For Release Pending Review

■ This matter is before the court on petitioner's motion for release pending review of the district court order. This action was commenced on February 23, 1979 by a petition for writ of habeas corpus. The petition was denied, and petitioner appealed to the Eighth Circuit Court of Appeals. The Court of Appeals remanded for an evidentiary hearing for consideration on two issues:

1. Whether the United States Parole Commission acted within its statutory duty in denying petitioner's parole application; and

2. Whether the application of changes in Parole Commission regulations to the petitioner violates the ex post facto clause of the United States Constitution.

An evidentiary hearing was held, and on October 29, 1980, this court ordered the Parole Commission to grant the petitioner a new parole hearing within 60 days and report the results of that hearing to the court. The basis for this order was that the Parole Commission had violated its statutory duty in considering the petitioner's eligibility for parole, and that application of guidelines to the petitioner that were not in effect at the time of sentencing violates the *ex post facto* clause of the Constitution.

The Parole Commission has indicated its intention not to comply with this court's order and refuses to grant the petitioner the mandated hearing. The Commission concedes that Hayward would be entitled to

release on parole if a hearing was held in accordance with the principles set forth in the order of October 29, 1980.

Therefore, it is clear that the writ of habeas corpus should be granted and that release pending appeal is appropriate. The public interest would not be disserved by releasing the petitioner on parole, pending the appeal of this matter. Petitioner has served 40 months of his seven year term. Application of the parole guidelines which should have been applied indicate a release date in the 26 to 36 month range. Moreover, there is no dispute that the petitioner has been a model prisoner during the period of incarceration.

Accordingly, the petition for writ of habeas corpus is granted, and it is ordered that the petitioner, Donald L. Hayward, be enlarged upon his own recognizance without surety pending the appeal of this matter.