Clement DENTLY, Petitioner-Appellee,

v.

Michael P. LANE and the Attorney
General of the State of Illinois,
Respondents-Appellants.

No. 82–2360.

United States Court of Appeals,
Seventh Circuit.

Argued March 31, 1983.

Decided Nov. 1, 1983.

Gail A. Niemann, Jenner & Block, Chicago, Ill., for petitioner-appellee.

Michael V. Accettura, Asst. Atty. Gen., Chicago, Ill., for respondents-appellants.

Before PELL and CUDAHY, Circuit Judges, and JAMESON, Senior District Judge.*

PER CURIAM.

This court, in an opinion filed July 18, 1983, reversed a judgment entered by Gerald B. Cohn, United States Magistrate, which judgment granted the petition of Clement Dently for a writ of habeas corpus, the basis of the granting being the denial of effective assistance of counsel in state proceedings where Dently was convicted of rape. *Dently v. Lane,* 712 F.2d 1172 (7th Cir.1983) (Cudahy, J., dissenting). Subsequently a petition for rehearing with a suggestion of rehearing *en banc* was filed by Dently which has not yet been the subject of ruling by this court. The case is now before the original panel on the basis of the respondents' motion to dismiss the petition for rehearing and suggestion for rehearing *en banc,* the response of the petitioner-appellee, and the respondents-appellants reply thereto. The facts demonstrated by the motion to dismiss appear not to be in dispute and are as follows:

The writ of habeas corpus had been granted on July 27, 1983, but the order had been stayed for a period of ninety days to allow the state to retry Dently. The state filed an appeal but a stay of proceedings pending appeal was denied both at the district level and by this court. The indictment against Dently was reinstated on October 25, 1982. Thereafter, Dently sought and was granted release on bond by the Circuit Court of Vermilion County on December 2, 1982. He was permitted to go to Louisiana and was required to appear at all subsequent state court proceedings as a

* William J. Jameson, Senior District Judge from the District of Montana, is sitting by designation.

condition of his bond. Following this court's reversal of the district court's judgment, the state sought on August 11, 1983, to revoke Dently's bond in state court. Dently did not appear, however, at the August 11, 1983, court proceedings and a bench warrant was issued for his arrest on August 18, 1983. He remained a fugitive at the time of the filing of the motion to dismiss and we have not been advised by his counsel or otherwise that he has returned to custody. We have been unable to locate any authority directly on point with regard to this situation. The state, however, cites two cases which we regard as treating an analogous situation: *Lopez v. Malley,* 552 F.2d 682 (10th Cir.1977); *Taylor v. Egeler,* 575 F.2d 773 (6th Cir.1978).

The only difference between the two cases and the present case is that both Lopez and Taylor had been denied the granting of the writ of habeas corpus in the district court and were appealing that denial whereas in the present case the district court had granted the writ and the state was appealing. This would seem to be merely a matter of degree. In the two cited cases the petitioner was seeking by way of appeal to reverse the denial of a writ. In the present case the petitioner is seeking by a petition for rehearing to reverse what in effect amounts to the denial of the writ of habeas corpus by this court in its July 18, 1983, opinion. It is true that both cases rely on the seminal case of *Estelle v. Dorrough,* 420 U.S. 534, 537, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975), which dealt with a court's declining to review the convictions of escaped criminal defendants on direct appeal. We do have a civil case, and not a criminal case, in habeas corpus but we also have a question of comity and if the courts decline to review a direct criminal appeal where the criminal defendant has escaped pending appeal it appears to us that an even stronger case would be presented for our declining to continue to review state court proceedings where the state courts have found no constitutional error. Both the Tenth and the Sixth Circuits are relying upon a theory of mootness, i.e., because the petitioner was not in custo-

dy he has mooted the effect any grant or denial of habeas relief might have. Also, in both cases the dismissal of the appeals by the petitioners was conditioned upon his not returning to custody.

The parties are in agreement that a conditional proceeding in the manner stated in *Lopez* and *Taylor* would be appropriate here.

Accordingly, the motion of the respondents-appellants to dismiss the petition for rehearing and suggestion for rehearing *en banc* is granted subject to the conditions stated below:

It is ordered that the opinion of the court filed July 18, 1983, in this case is vacated and that the petition for rehearing and suggestion for rehearing *en banc* is dismissed, that the judgment of the district court is vacated and this case is remanded to the district court with the direction to dismiss the petition for habeas corpus as moot.

It is further provided, however, should Dently be returned to the custody of the State of Illinois, voluntarily or otherwise, within thirty days of the filing of this opinion, then the July 18, 1983, opinion of this court, the petition for rehearing and suggestion for rehearing *en banc* and the judgment of the district court shall be reinstated. Provided further, however, in any event, that the judgment of the district court will be stayed pending further order of this court. Such reinstatement is conditioned further upon proper notification to this court within fifteen days after his return to custody that Dently was in fact returned to custody within the specified time period.

The mandate of this court shall be stayed pending the outcome of these proceedings as outlined herein.