803 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM F. FUNOVITS, Petitioner-Appellant
v.
UNITED STATES OF AMERICA, Respondent-Appellee
 No. 86-5468.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1986.
 
 1
 BEFORE: KEITH and KENNEDY, Circuit Judges; CONTIE, Senior Judge
 
 ORDER
 
 2
 The petitioner appeals the summary dismissal of his pro se motion to vacate sentence under 28 U.S.C. Sec. 2255. He now applies to this Court for leave to proceed on appeal in forma pauperis. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 The petitioner is a federal prisoner who pleaded guilty in 1985 to charges of interstate transportation of stolen property. He was sentenced to five years imprisonment pursuant to 18 U.S.C. Sec. 4205(b)(2). At his initial parole hearing, the United States Parole Commission, applying its Parole Guidelines, determined the petitioner should serve 30 months of his sentence.
 
 
 4
 In the present action, the petitioner seeks vacation of his sentence on grounds the trial judge imposed sentence while laboring under "misinformation of constitutional magnitude." He asserts the trial judge sentenced him under Sec. 4205(b)(2) with the express belief the Parole Commission would parole the petitioner after his rehabilitation. Because rehabilitation is only a minor factor to be considered under the Guidelines, he argues, the expectation of the trial judge cannot be fulfilled. Upon reviewing the motion, however, the district court (with the sentencing judge presiding) summarily dismissed the action under Rule 4(b), Rules Governing Proceedings under Section 2255, finding it plainly appeared from the face of the motion that the petitioner was not entitled to relief. This appeal followed.
 
 
 5
 An argument analogous to that advanced by the petitioner was rejected by the Supreme Court in United States v. Addonizio, 442 U.S. 178 (1979). See also, United States v. Taylor, 768 F.2d 114 (6th Cir. 1985). Likewise, this Court and others have held the Guidelines properly applied to prisoners sentenced under Sec. 4205(b)(2). See Farkas v. United States, 744 F.2d 37, 40 (6th Cir. 1984); Moore v. Nelson, 611 F.2d 434 (2nd Cir. 1979). Cf. Adams v. Keller, 736 F.2d 320 (6th Cir. 1984) (en banc). We also note the sentencing judge, although provided with two post-conviction opportunities to review the sentence imposed on the petitioner, has not indicated it labored under any misconceptions at the time of sentencing. Cf. United States v. Miller, 599 F.2d 249 (8th Cir. 1979) (per curiam). We conclude the district court did not err in summarily denying relief to the petitioner under Rule 4(b).
 
 
 6
 It is ORDERED that the application for leave to proceed on appeal in forma pauperis be and it hereby is denied.
 
 
 7
 Upon examination of the record and the petitioner's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 8
 It is further ORDERED that the district court's order of April 11, 1986, dismissing this action be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.