50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred D. ARELLANES, Petitioner-Appellant,
v.
W.H. SEIFERT, Warden, of the Federal Prison Camp, Respondent-Appellee.
 No. 93-55885.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided March 15, 1995.
 
 Before: Chief Judge WALLACE, HUG and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred Arellanes, a federal prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2251 petition for writ of habeas corpus challenging the constitutionality of 21 U.S.C. Sec. 841(c). The district court dismissed Arellanes' petition for failure to exhaust administrative remedies, because Arellanes did not present his constitutional challenges to the United States Parole Commission (the "Commission"). We review de novo a district court's decision on a petition for writ of habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992). We reverse and remand.
 
 
 3
 A habeas petitioner is ordinarily required to present all issues to the administrative tribunal before he presents them to the federal courts. Reid v. Engen, 765 F.2d 1457, 1460 (9th Cir.1985). However, a petitioner is not required to exhaust administrative remedies if the administrative agency lacks power or jurisdiction to decide the issue raised, such as challenges to the constitutionality of a statute. Reid, 765 F.2d at 1460-61; see also Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir.1993).
 
 
 4
 In this case, Arellanes raised general constitutional challenges to Sec. 841(c) and the jurisdiction of the Commission pursuant to that statute. Judicial review is presumed for such challenges, and they are not suited for adjudication by the Commission. See Reid, 765 F.2d at 1461. Indeed, the Commission is not authorized to decide constitutional issues, see 18 U.S.C. Sec. 4203, so raising them would have been a futile exercise. See United States v. Bozarov, 974 F.2d 1037, 1040 (9th Cir.1992) (raising constitutional questions before administrative agency would have been futile because agency has no authority to declare its governing statute unconstitutional). We therefore reverse the district court's dismissal of Arellanes' habeas petition and remand for the district court to consider Arellanes' constitutional claims.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3