107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred D. ARELLANES, Petitioner-Appellant,
v.
W.H. SEIFERT, Warden, Respondent-Appellee.
 No. 95-56390.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1996.*
Decided Dec. 12, 1996.
 
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner spent six years in prison on federal narcotics charges; he was released in 1990 to begin serving a special parole term. In 1994, he violated the conditions of his parole, first by failing to show up for mandatory drug testing, then by submitting a urine specimen that tested positive for morphine. In January, 1995 the United States Parole Commission issued a warrant for his arrest. Arellanes evaded the arresting officers and--he concedes--"has remained in fugitive status [ever] since." Appellant's Opening Br. at 4.
 
 
 3
 Before the arrest warrant was issued, Arellanes petitioned for a writ of habeas corpus on constitutional grounds; he claims the Parole Commission lacks jurisdiction to revoke a special parole term imposed under 21 U.S.C. § 841 because Congress did not declare in the statute how special parole terms were to be administered or which agency was to administer them. The district court dismissed the petition for failure to exhaust administrative remedies. We reversed and remanded on the ground that an appeal of Arellanes' constitutional claims to the Parole Commission would have been futile. Arellanes v. Seifert, No. 93-55885, 1995 WL 110122, at * 1, 1995 U.S.App. LEXIS 5178 (9th Cir. March 15, 1995) (unpublished), at * 2.
 
 
 4
 On February 3, 1995, while that appeal was pending, Arellanes applied to the district court for a stay of parole revocation. The government then notified the district court of petitioner's fugitive status. The court issued an order to Arellanes to "show cause in person ... why [his] application for a stay of special parole revocation proceedings should not be dismissed on the grounds that [he] is a federal fugitive." Order to Show Cause re Dismissal (May 16, 1995), at 2. Arellanes failed to appear. However, after the magistrate judge issued a report recommending that his petition be denied because he is a fugitive, he filed objections to the report and recommendation, again without appearing. After considering Arellanes' objections, the court dismissed his petition without prejudice "on the ground that [he] is barred from seeking court relief because he is a fugitive." Judgment (June 12, 1995), at 1. Arellanes appeals.
 
 
 5
 The Supreme Court has "sustained ... the authority of [a] ... court to dismiss an appeal ... in a criminal matter when the party seeking relief becomes a fugitive." Degen v. United States, 116 S.Ct. 1777, 1780 (1996) (citing Ortega-Rodriguez v. United States, 507 U.S. 234, 239 (1993)). The Degen Court gave four reasons for such dismissals: (1) the difficulty of enforcing a judgment if the fugitive cannot be found; (2) the unfairness of allowing a party access to the courts while evading their jurisdiction; (3) the need to discourage escape and encourage voluntary surrender; and (4) the desire to "promote[ ] the efficient, dignified operation of the courts." 116 S.Ct. at 1781 (internal quotation omitted).
 
 
 6
 It is true that in Degen the Court declined to disentitle; however, "[t]he question before [it was] whether the doctrine should be extended to allow a court in a civil forfeiture suit to enter judgment against a claimant because he is a fugitive from ... a related criminal prosecution." Id. at 1780 (emphasis added). In declining to do so, the Court noted that, in the forfeiture context, delay caused by applying the fugitive disentitlement doctrine "would be prejudicial to the Government, for if its forfeiture claims are good, its right to the properties is immediate." Id. at 1782. Further, since the court had jurisdiction over the property despite the claimant's absence, there was "no risk ... of delay or frustration in ... enforcing the resulting judgment." Id. at 1781.
 
 
 7
 Here, the equities are reversed. Indeed, the lesson of Degen--that courts must consider the purposes of disentitlement before applying the doctrine--only strengthens the conclusion that disentitlement was warranted in this case. Although Arellanes served his "original" sentence, he is evading incarceration for violating parole--the same punishment he claims is unconstitutional in his habeas action. There is, therefore, an obvious obstacle to enforcing a judgment against him. Cf. United States v. Wood, 550 F.2d 435, 437-38 (9th Cir.1976) (affirming dismissal because "[t]here is no indication that [defendant] would [surrender] upon a decision adverse to him"). At the same time, the need for deterrence is apparent: Were we to permit petitioner to challenge his sentence while remaining at large, we would put the government in a lose-lose situation. The petitioner's plaint that he should be allowed to remain free because he would be unable to prepare proper pleadings while at the Los Angeles Metropolitan Detention Center underscores the policy argument in favor of applying the disentitlement doctrine to this case.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have held that the disentitlement doctrine applies in civil as well as criminal cases. See, e.g., Conforte v. Commissioner, 692 F.2d 587 (9th Cir.1982). Several other circuits have applied the doctrine to appeals from denials of habeas petitions. See, e.g., Lopez v. Malley, 552 F.2d 682, 683 (10th Cir.1977) (no meaningful difference between habeas petition and direct appeal for purposes of fugitive disentitlement doctrine)