UNITED STATES of America, Plaintiff,

v.

Felix Lindsey O'NEAL, aka Flip O'Neal, aka Pete O'Neal, aka Gary O'Neal, Defendant.

No. KC–CR–1204 (Renumbered No. 69–21204–EEO).

United States District Court, D. Kansas.

July 28, 1998.

Summit Fidelity & Surety, John D. McBurney, Kansas City, MO, Pro se.

Kurt D. Marquart, Kansas City, MO, for Felix Lindsey O'Neal.

Robert S. Streepy, Office of United States Attorney, Kansas City, for U.S.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant's petition for writ of error coram nobis (Doc. # 82). After careful consideration of the parties' briefs, the court is prepared to rule. For the reasons set forth below, defendant's petition will be denied.

### Factual Background

On September 3, 1970, a jury convicted defendant of transporting a firearm in interstate commerce after having previously been convicted of a crime in violation of 18 U.S.C. § 922(g)(1). On October 26, 1970, defendant was sentenced to four years imprisonment. Defendant remained on bail pending appeal.

Defendant appealed his conviction to the Court of Appeals for the Tenth Circuit. Defendant apparently fled shortly thereafter from the United States to Algeria. Defendant maintains that he fled because of fears for his safety. In December 1970, the district court issued a bench warrant for the defendant's arrest. On January 4, 1972, the Tenth Circuit dismissed defendant's appeal under the disentitlement doctrine. *See United States v. O'Neal,* 453 F.2d 344, 345 (10th Cir.1972) (citing *Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970)). The court noted that "appellant has absconded and defies the authority of the courts. In such circumstances we feel he is in no position to insist upon the hearing and determination of the merits of his appeal." *Id.* The Tenth Circuit granted defendant 30 days to surrender to the custody of the District Court but he failed to do so. Accordingly, the Tenth Circuit declined to hear the merits of defendant's appeal. Defendant, living in Tanzania, remains a fugitive today.

### Analysis

Defendant has filed his petition for writ of error coram nobis despite his continued fugitive status. Defendant essentially requests that the court vacate his 1970 conviction. We decline to consider the merits of defendant's petition based on the disentitlement doctrine and defendant's failure to pursue these issues on direct appeal.

### I. The Disentitlement Doctrine.

For more than one hundred years, courts in the United States have recognized that fugitives in criminal cases generally are not entitled to have their post-conviction claims adjudicated on the merits. *See Estelle v. Dorrough,* 420 U.S. 534, 537, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975) ("Disposition by dismissal of pending appeals of escaped prisoners is a longstanding and established principle of American law."); *Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); *Smith v. United States,*

94 U.S. 97, 97, 4 Otto 97, 24 L.Ed. 32 (1876) ("It is clearly within our discretion to refuse to hear a criminal case in error, unless the convicted party, suing out the writ, is where he can be made to respond to any judgment we may render."). This rule, although first applied to direct appeals in criminal proceedings, also is applied in the context of requests for habeas relief. *See Gonzales v. Stover*, 575 F.2d 827, 828 (10th Cir.1978); *Lopez v. Malley*, 552 F.2d 682, 683 (10th Cir.1977); *see also United States v. Bravo*, 10 F.3d 79, 83 (2d Cir.1993) ("on a claim for post-conviction relief, as on direct appeal, one who has escaped from custody is not entitled" to a determination of his claims by the court), *cert. denied*, 511 U.S. 1011, 114 S.Ct. 1386, 128 L.Ed.2d 60 (1994). Courts have adopted such a rule primarily to deter escapes and maintain the dignity and efficiency of the judicial system. *See Estelle*, 420 U.S. at 537, 95 S.Ct. 1173; *Lewis v. Delaware State Hosp.*, 490 F.Supp. 177, 182 (D.Del.1980). In *Molinaro*, the Supreme Court explained:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*Id.* 396 U.S. at 366, 90 S.Ct. 498 (quoted in *O'Neal*, 453 F.2d at 345). A fugitive should not be able to benefit by a positive adjudication of his claims without submitting himself to the risks of an unfavorable decision. Defendant in this case has risked nothing by filing the instant petition: if he prevails on the merits, he can come to the United States as a free man; and if he does not prevail, he simply can remain in Tanzania and escape punishment. In sum, the court declines to consider the merits of defendant's petition in light of his fugitive status. *See United States v. Swigart*, 490 F.2d 914, 915 (10th Cir.1973) ("any court has the inherent discretion to refuse to hear the claim of a litigant who is willing to comply with that court's decree only if it is favorable").

Adjudication of the merits of defendant's petition also would be directly contrary to the Tenth Circuit's resolution of defendant's direct appeal in this case. *See O'Neal*, 453 F.2d at 345. Defendant chose to abandon his appeal by fleeing from the United States. The Tenth Circuit surely did not intend for this court to decide many years later the very same issues that were raised, or should have been raised, on direct appeal. The passage of time has not altered the Tenth Circuit's original ruling—defendant must submit to the custody of the court or forego any potential post-conviction remedies. Defendant, still a fugitive over 26 years later, should not be able to circumvent the Tenth Circuit's ruling by having this court decide his claims pursuant to a petition for writ of error coram nobis.

## II. Procedural Default.

 "[C]oram nobis ... (like habeas corpus) cannot be used to reach issues that could have been raised by direct appeal...." *United States v. Stefanoff*, No. 97–7044, 1998 WL 327888, at *2 (10th Cir. June 22, 1998) (quoting *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir.1997)); *see United States v. Bustillos*, 31 F.3d 931, 934 (10th Cir.1994). Defendant could have raised each of the issues presented in the instant petition on direct appeal. Defendant chose not to pursue his appeal and the appeal accordingly was dismissed. Counsel's representations alone that defendant fled because he feared for his safety in the United States are insufficient to establish cause for defendant's procedural default.

IT IS THEREFORE ORDERED that defendant's petition for writ of error coram nobis (Doc. # 82) is denied.