PAUL KELLY, JR., Circuit Judge,
dissenting.
The court should proceed to the merits of Mrs. Hanzlicek’s appeal and decide it along with Mr. Hanzlicek’s (No. 97-5180). Mr. and Mrs. Hanzlieek were tried jointly, and their appeals involve several similar, if not identical, issues requiring a review of the entire record. In addition, both appeals are fully briefed, have been orally argued, and already have consumed considerable judicial resources-it is decidedly against the interest of judicial economy to dismiss Mrs. Hanzlicek’s appeal only to have these issues reappear in a 28 U.S.C. § 2255 proceeding. Both appeals may now be decided before the same panel. Additionally, Mrs. Hanzlieek has already served her prison sentence. While supervised release is an important part of Mrs. Hanzlicek’s sentence, it does differentiate this case from the many cases that have applied the fugitive disentitlement doctrine when the defendant has fled before serving time in prison. See, e.g., Molinaro v. New Jersey, 396 U.S. 365, 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); United States v. O’Neal, 453 F.2d 344, 344-45 (10th Cir.1972).
Application of the fugitive disentitlement doctrine is discretionary, see Ortega-Rodriguez v. United States, 507 U.S. 234, 250 n. 23, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993), and it is not always applied, see United States v. Luppi, No. 98-1475, 1999 WL 535295, (10th Cir. July 26, 1999) (unpublished) (declining to apply doctrine where defendant challenged her fugitive status). The court’s discretion ought to be exercised in favor of hearing this appeal if for no other reason than the very troubling trial conduct of the United States in securing Mrs. Hanzlicek’s conviction. A review of this record persuades me that to sit back and say nothing implicitly condones *1222 such conduct. The court having concluded otherwise, I respectfully dissent. If the court is intent on applying the doctrine, it should be applied conditionally so that the appeal will be dismissed in thirty days from the date this opinion is filed if Mrs. Hanzlicek does not surrender. See United States v. Swigart, 490 F.2d 914, 915 (10th Cir.1973); O’Neal, 453 F.2d at 345.