**David GONZALES, Petitioner,**

v.

**Bob STOVER, Albuquerque Police Department, and Michael Hanrahan, Office of Correction and Detention, Respondents.**

No. 78–1355.

United States Court of Appeals,
Tenth Circuit.

Submitted May 10, 1978.

Decided May 16, 1978.

David H. Pearlman, Albuquerque, N. M., submitted memorandum brief in support of application for certificate of probable cause.

Before LEWIS, BARRETT and LOGAN, Circuit Judges.

PER CURIAM.

Petitioner was tried and convicted in the Municipal Court of Albuquerque, New Mexico, for the offense of reckless driving and was sentenced to serve five days in jail and pay a fine of $100. When appellate challenges to his sentence were unsuccessful in the state courts, Gonzales was ordered to commence service of his sentence. He did not report as ordered, but instead commenced this habeas corpus action in the district court pursuant to 28 U.S.C. § 2254. Petitioner alleged that his conviction was constitutionally infirm because he was denied the right to a jury trial. His prospective custodians, the respondents, answered the petition alleging, *inter alia*, that Gonzales was not in their custody but was, in fact, a fugitive. Referring to Gonzales' fugitive status, the district court dismissed the petition for lack of jurisdiction and subsequently declined to issue a certificate of probable cause. Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, petitioner has renewed his application for a certificate of probable cause in this court.

Section 2254 of Title 28, United States Code, makes it clear that the power of the federal courts to grant habeas corpus relief is available only to persons who are "in custody". To meet that requirement, there must be a significant restraint imposed on one's liberty. *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Here, petitioner was both under sentence and a fugitive. Under these circumstances the district court properly declined to entertain the § 2254 petition.

For over 100 years the Supreme Court has consistently refused to grant post-conviction review for escaped prisoners. *Smith v. United States*, 94 U.S. 97, 24 L.Ed. 32 (1876); *Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). These decisions make it clear that the Court's informal policy is grounded on considera-

tions which favor voluntary surrender and discourage escape. The Court has also stated that although a prisoner's fugitive status does not necessarily strip a case of its character as a justiciable controversy, is does however disentitle a petitioner *in absentia* to call upon the resources of the Court for determination of his claims. *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970). In our decisions we have adhered to this policy with respect to both post-conviction and criminal matters involving fugitive-appellants. *Lopez v. Malley*, 552 F.2d 682 (10th Cir. 1977); *United States v. Swigart*, 490 F.2d 914 (10th Cir. 1973). The rationale expressed by the Supreme Court in *Molinaro*, seems fully applicable to the situation which confronted the district court in this case.

The application for a certificate of probable cause is denied.