24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Hector Clyde WOOD, Petitioner-Appellant,
v.
Fred PEARCE, Director, Oregon Department of Corrections,
Respondent-Appellee.
 No. 93-35703.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 14, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector C. Wood appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition. The district court dismissed the action for lack of jurisdiction on the ground that Wood was not in custody when he filed the habeas petition. We affirm.
 
 
 3
 It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack[.]" Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. Secs. 2241(c)(3) & 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). A habeas petitioner who is a fugitive from the sentence he seeks to challenge does not satisfy the "in custody" requirement. Gonzales v. Stover, 575 F.2d 827, 827-28 (10th Cir.1978) (citing Molinaro v. New Jersey, 396 U.S. 365 (1970)); cf. Conforte v. Commissioner, 692 F.2d 587, 589 (9th Cir.1982) (a litigant cannot "invoke the processes of the law while [simultaneously] flouting them"; accordingly, a fugitive from justice in a criminal case is not entitled to prosecute an appeal in a civil case).
 
 
 4
 Here, the record reveals that in December 1992, Wood left Oregon and moved to California, thereby violating the conditions of his parole. On December 16, 1992, the Oregon Board of Parole issued a warrant for Wood's arrest. On March 1, 1993, while he remained a fugitive, Wood filed a habeas petition challenging his sentence. Because Wood was a fugitive when he filed the petition, he was not "in custody" within the meaning of the federal habeas statutes. See 28 U.S.C. Secs. 2241(c)(3) & 2254(a); Gonzales, 575 F.2d at 827-28. Accordingly, the district court properly dismissed Wood's habeas petition for lack of jurisdiction. See Maleng, 490 U.S. at 490-91.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3