45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Hector Clyde WOOD, Petitioner-Appellant,
v.
Frank A. HALL, Respondent-Appellee.
 No. 94-35211.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 28, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Clyde Wood, an Oregon state prisoner, appeals pro se the dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for failure to appear in the first degree. Wood contends that the district court erred by refusing to consider his habeas petition because he had absconded from parole supervision. We affirm.
 
 
 3
 It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack[.]" Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. Secs. 2241(c)(3) & 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). A habeas petitioner who is a fugitive from the sentence he seeks to challenge does not satisfy the "in custody" requirement. Gonzales v. Stover, 575 F.2d 827, 827-28 (10th Cir.1978) (per curiam) (citing Molinaro v. New Jersey, 396 U.S. 365 (1970)); cf. Conforte v. Commissioner, 692 F.2d 587, 589 (9th Cir.1982) (a litigant cannot "invoke the processes of the law while [simultaneously] flouting them"; accordingly, a fugitive from justice in a criminal case is not entitled to prosecute an appeal in a civil case).
 
 
 4
 In August 1989, Wood was convicted for failure to appear and sentenced to five years imprisonment. He was released on parole in August 1992. On December 16, 1992, the Oregon Board of Parole issued a warrant for Wood's arrest, stating that his whereabouts were unknown. While at large, Wood filed this federal habeas petition on February 25, 1993. He was returned to the custody of the Oregon Department of Corrections on October 14, 1993, before the district court ruled on his habeas petition.
 
 
 5
 The district court found that it lacked jurisdiction to consider the petition because Wood did not satisfy the custody requirement. The district court also subsequently denied relief from judgment under Fed.R.Civ.P. 60(b) on the basis of Wood's changed circumstances after he was returned to custody.
 
 
 6
 Because Wood was a fugitive when he filed the petition, he was not "in custody" within the meaning of the federal habeas statutes. See 28 U.S.C. Secs. 2241(c)(3) & 2254(a); Gonzales, 575 F.2d at 827-28. Accordingly, the district court properly dismissed Wood's habeas petition for lack of jurisdiction. See Maleng, 490 U.S. at 490-91.
 
 
 7
 We are aware of no authority which holds that subsequent incarceration can cure a lack of jurisdiction at the time of filing. Consequently, the district court did not abuse its discretion by denying Wood's Fed.R.Civ.P. 60(b) motion based on changed circumstances. See Thompson v. Housing Authority, 782 F.2d 829, 832 (9th Cir.) (per curiam), cert. denied, 479 U.S. 829 (1986).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3