UNITED STATES COURT OF APPEALS
**Filed 1/22/97**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

MONTGOMERY C. AKERS,

  Defendant-Appellant.

No. 96-1398
(D.C. No. 96-CR-13-B)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before ANDERSON, EBEL, and KELLY, Circuit Judges.

After examining the documents and appellate record filed in this case, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This bail appeal is before us for consideration of the government's motion to dismiss because of defendant's status as a fugitive. Counsel for defendant has not responded to the motion, but we are advised that defendant remains a fugitive.

Federal courts have the authority to dismiss an appeal if the party seeking relief is a fugitive while the matter is pending. Degen v. United States, 116 S. Ct. 1777, 1781 (1996). See also United States v. O'Neal, 453 F.2d 344, 345 (10th Cir. 1972)(appeal of defendant freed on appeal bond who failed to appear when ordered by district court would be dismissed unless he surrendered within thirty days). The rule has long been that "although a prisoner's fugitive status does not necessarily strip a case of its character as a justiciable controversy, it does however disentitle a petitioner *in absentia* to call upon the resources of the Court for determination of his claims." Gonzales v. Stover, 575 F.2d 827, 828 (10th Cir. 1978)(citing Molinaro v. New Jersey, 396 U.S. 365, 366 (1970)).

This appeal is taken from the setting of certain conditions of release. See 18 U.S.C. § 3145(c). Since defendant has now established that he is a flight risk, it seems unlikely he would again be subject to the same release conditions.

The appeal is DISMISSED. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM