PORTLEY *v.* GROSSMAN, WARDEN, ET AL.

No. A–638 (79–5885). Decided February 1, 1980

MR. JUSTICE REHNQUIST, Circuit Justice.

The United States District Court for the Central District of California granted applicant's petition for a writ of habeas corpus and released him from federal custody pending appeal in the Ninth Circuit. The Ninth Circuit reversed, denying the writ, and declined to issue an order staying its mandate pending review on certiorari in this Court. Applicant then filed this request for a stay of execution of the Ninth Circuit's mandate, scheduled for issuance on February 11, 1980.

In April 1972, after pleading guilty to federal offenses, applicant was sentenced to serve six years in federal custody. Applicant was released on parole July 1, 1974. During his parole term, applicant was convicted of two separate offenses in state court. On June 20, 1978, the Parole Commission held a hearing and revoked applicant's parole on the basis of the two convictions. The Commission applied its guidelines currently in force, 28 CFR § 2.21 (1978), in establishing applicant's next presumptive parole date, indicating that a customary range of 34 to 44 months would be served before re-release.

Applicant filed a writ of habeas corpus in federal court, and the trial judge granted the writ, ordering the Parole Commission to reconsider and determine applicant's parole eligibility under the standards for reparole in effect when the applicant

was sentenced in April 1972. The Ninth Circuit reversed, relying on its decision in *Rifai* v. *United States Parole Comm'n*, 586 F. 2d 695 (1978), holding that the Parole Commission did not violate the constitutional prohibition against *ex post facto* laws by failing to rely on the guidelines in effect at the time of sentencing, rather than at the time of parole eligibility.

When applicant was sentenced in April 1972, the statutes then in force provided that if an individual was found to have violated parole, "the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced." 18 U. S. C. § 4207 (1970 ed.). Now, as in 1972, the Commission's determination to grant or deny parole is "committed to agency discretion." 18 U. S. C. § 4218 (d). The administrative guidelines articulating the factors relied on by the Commission in making parole and reparole decisions have changed from those in effect at the time of applicant's sentencing. But even assuming for purposes of this application that the *Ex Post Facto* Clause applies to parole in the manner it does to trial and sentence, the changes in issue are not impermissible, as applicant contends. In *Dobbert* v. *Florida*, 432 U. S. 282, 293 (1977), this Court held that the prohibition of *ex post facto* laws does not extend to every change of law that "may work to the disadvantage of a defendant." It is intended to secure "substantial personal rights" from retroactive deprivation and does not "limit the legislative control of remedies and modes of procedure which do not affect matters of substance." *Ibid.*

The guidelines operate only to provide a framework for the Commission's exercise of its statutory discretion. The terms of the sentence originally imposed have in no way been altered. Applicant cannot be held in confinement beyond the term imposed by the judge, and at the time of his sentence he knew that parole violations would put him at risk of serving the balance of his sentence in federal custody. The guidelines, therefore, neither deprive applicant of any pre-existing right

nor enhance the punishment imposed. The change in guidelines assisting the Commission in the exercise of its discretion is in the nature of a procedural change found permissible in *Dobbert, supra.*

Since I do not believe that applicant is being held in custody in violation of the Constitution, I deny the application for a stay.