46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Samuel D. CROMER, Petitioner-Appellant,
v.
Gary L. HENMAN, Warden; United States Parole Commission,
Respondents-Appellees.
 Nos. 94-3045, 94-3109.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 In No. 94-3045, petitioner Samuel D. Cromer appeals an order of the district court dismissing his petition for habeas relief filed pursuant to 28 U.S.C. 2241. In No. 94-3109, petitioner appeals the district court's order denying his motion for leave to proceed in forma pauperis on appeal.
 
 
 4
 In 1976, petitioner was sentenced in federal court to twenty-four years' imprisonment for bank robbery. He was paroled in 1983. In 1984, petitioner was sentenced in federal court to sixteen years for bank robbery and in state court to twenty-two years for armed robbery, escape, and grand theft. In 1985, the Parole Commission issued a parole violator warrant which was placed as a detainer with the prison warden. In 1992, petitioner appeared before the Commission which revoked his parole.
 
 
 5
 Petitioner alleged the Commission, by applying the current parole guidelines rather than the ones in effect when he was sentenced in 1976, violated the ex post facto clause of the Constitution. The district court denied relief, holding that parole guidelines are not covered by the ex post facto clause.
 
 
 6
 On appeal, petitioner argues the district court erred because the court did not consider the fact that the Commission waited more than 180 days before holding his revocation hearing as required by 18 U.S.C. 4214(b)(1) and 28 C.F.R. 2.47(a)(2) (1994). Petitioner also argues the Commission improperly ordered his parole violator term to run consecutively to service of his 1984 sentences and inflicted a double penalty by determining his guideline range fell in category six rather than category five.
 
 
 7
 Parole guidelines, "being guidelines only, are not subject to the ex post facto prohibition." Resnick v. United States Parole Comm'n, 835 F.2d 1297, 1301 (10th Cir.1987); see also Portley v. Grossman, 444 U.S. 1311, 1312-13 (1980) (Rehnquist, J.) (in chambers opinion denying stay of execution of appellate court's order pending review on certiorari and stating that federal parole guidelines "operate only to provide a framework for the Commission's exercise of its statutory discretion," thus are not laws subject to ex post facto clause). The Commission did not violate the ex post facto clause by applying current guidelines.
 
 
 8
 Respondents argue petitioner's remaining arguments were not raised to the district court and should not be addressed here. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir.1992). Construing petitioner's arguments liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we will address the issues petitioner raises considering them part of his main argument.
 
 
 9
 Petitioner argues the Commission violated both the statute and its own regulations by not holding his parole revocation hearing within 180 days of the placement of the detainer. However, both 18 U.S.C. 4214(b)(1) and 28 C.F.R. 2.47(a)(2) require only that the Commission review the detainer within 180 days. No information is present in the record that such a review was conducted, but petitioner does not allege it was not. The record shows petitioner waived parole consideration in 1989.[2] The parole revocation hearing was timely held after petitioner requested parole consideration in 1992.
 
 
 10
 Petitioner also argues the Commission improperly ordered his parole violator term to run consecutively to service of his 1984 sentences. This argument is meritless as this determination lies within the Commission's discretion. See 18 U.S.C. 4210(b)(2); Harris v. Day, 649 F.2d 755, 759-60 (10th Cir.1981).
 
 
 11
 Finally, petitioner argues the Commission improperly computed the guideline range, thus subjecting him to a double penalty. We find no error. The Commission placed petitioner in category five because he had committed three robberies. Petitioner's category ranking increased to category six because his escape by force with use of a firearm required a further guideline increase.
 
 
 12
 In No. 94-3109, petitioner appeals the district court's order denying him leave to proceed in forma pauperis on appeal. This court has granted petitioner leave to proceed in forma pauperis in both No. 94-3045 and No. 94-3109. Thus, the appeal is moot as petitioner has obtained the relief sought.
 
 
 13
 The judgment of the United States District Court for the District of Kansas in No. 94-3045 is AFFIRMED. Appeal No. 94-3109 is DISMISSED as moot. The mandates shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [2]
 Respondents' statement that petitioner waived parole consideration in 1985 is irrelevant as that waiver occurred prior to placement of the detainer