Filed:  September 7, 2001

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 00-7173
(CA-00-2234-AW)

Thomas Wayne Griggs,

Petitioner - Appellant,

versus

State of Maryland, et al.,

Respondents - Appellees.

O R D E R

The court amends its opinion filed August 23, 2001, as follows:

On page 7, first paragraph, line 7 -- the cite to <u>Lynce v. Mathis</u> is corrected to read "519 U.S. 433, 441-43 (1997)."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

PUBLISHED

# UNITED STATES COURT OF APPEALS

# FOR THE FOURTH CIRCUIT

THOMAS WAYNE GRIGGS,
Petitioner-Appellant,

v.

STATE OF MARYLAND; ATTORNEY
GENERAL FOR THE STATE OF
MARYLAND,
Respondents-Appellees.

No. 00-7173

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-00-2234-AW)

Argued: May 10, 2001

Decided: August 23, 2001

Before WILKINSON, Chief Judge, and WIDENER and
MICHAEL, Circuit Judges.

_____

Affirmed by published opinion. Judge Michael wrote the opinion, in
which Chief Judge Wilkinson and Judge Widener joined.

_____

## COUNSEL

**ARGUED:** Neal Lawrence Walters, Appellate Litigation Clinic,
UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville,
Virginia, for Appellant. Gary Eugene Bair, Assistant Attorney General, Criminal Appeals Division, OFFICE OF THE ATTORNEY

GENERAL, Baltimore, Maryland, for Appellees. **ON BRIEF:** J. Joseph Curran, Jr., Attorney General of Maryland, Criminal Appeals Division, OFFICE OF THE ATTORNEY GENERAL, Baltimore, Maryland, for Appellees.

_____

## OPINION

MICHAEL, Circuit Judge:

Thomas Wayne Griggs, who is serving a life sentence for rape in Maryland, is eligible for parole consideration under Maryland law. He claims that the Governor of Maryland violated the Ex Post Facto Clause when he announced in 1995 that he would not grant parole to any inmate serving a life sentence for murder or rape. A Maryland state court denied Griggs's application for post-conviction relief, and the United States District Court denied his petition for a writ of habeas corpus. Because the Maryland state court's decision denying Griggs's ex post facto claim is not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court, we affirm.

I.

In March 1980 Griggs was convicted in Maryland state court of rape, assault, and perverted practices. He received a life sentence for the rape and concurrent sentences of ten years for the assault and five years for the perverted practices. The state trial court eventually vacated Griggs's assault conviction and sentence, but his other convictions and his life sentence with a concurrent five-year term remained intact. Under Maryland law Griggs became eligible for parole consideration after serving fifteen years of his life sentence. See Md. Code Ann., Corr. Serv. § 7-301(d)(1) (amending and recodifying Md. Ann. Code of 1957, art. 41 § 4-516). When a Maryland inmate serving a life sentence becomes eligible for parole consideration, the Maryland Parole Commission "review[s] [the case] and make[s] recommendations to the Governor . . . concerning parole." Id. § 7-206(3). An inmate serving a life term "may only be paroled with the approval of the Governor." Id. § 7-301(d)(4).

2

In September 1995 Maryland's Governor, Parris Glendening, cal-
led a press conference at one of the state prisons. The Governor
announced that he would not grant parole to eight inmates with life
sentences who had been recommended for release by the Parole Com-
mission. The Governor also announced that in the future he would not
grant parole to any inmate serving a life term for murder or rape
unless the inmate was very old or terminally ill. Indeed, the Governor
said that he had directed the Commission "not to even recommend --
to not even send to [his] desk -- a request for parole for murderers
and rapists . . . except for these two areas: very old age, or terminal
illness."

The Governor's press conference prompted a number of Maryland
inmates serving life sentences to file habeas corpus petitions in state
court, claiming that the Governor's press statement illegally con-
verted their life sentences with eligibility for parole to life sentences
without the possibility of parole. One of these petitioners was Walter
Lomax, who was among the eight inmates denied parole by the Gov-
ernor at his September 1995 press conference. Lomax's case made it
all the way to the Court of Appeals of Maryland. See Lomax v. War-
den, 741 A.2d 476 (Md. 1999). We will discuss the Lomax case in
some detail because when Thomas Griggs sought post-conviction
relief as a result of the Governor's statement, the state court relied
exclusively on Lomax to dismiss Griggs's petition.

There were two main issues in Lomax. The first was whether the
Governor's statement, that he would not approve parole for any
inmate serving a life sentence unless he was very old or terminally ill,
is an ex post facto law prohibited by the Constitutions of the United
States and Maryland. This statement, the Court of Appeals of Mary-
land held, "does not constitute a `law' within the meaning of the ex
post facto prohibition." Lomax, 741 A.2d at 481. The court viewed the
Governor's statement as nothing more than a policy guideline
explaining how he would exercise his discretion under the Maryland
parole laws. Id. "The Governor's announcement did not bind him,"
the court said, "and he can employ different guidelines whenever he
desires to do so." Id. The second issue in Lomax was whether the
Governor's other statement, that he had directed the Parole Commis-
sion not to recommend parole for any inmate serving a life sentence
for murder or rape, meant that the Commission and the Governor

3

were failing in their duties to exercise the discretion vested in them by the parole laws. The state conceded in the Court of Appeals that the Governor cannot direct the Commission to ignore its statutory responsibilities and that the Commission "`has the statutory obligation to submit to the Governor for approval the names of any inmates [serving life sentences] that the Commission finds suitable for parole.'" Id. at 482 (quoting Brief for Respondent at 17, Lomax v. Warden, 741 A.2d 476 (Md. 1999) (No. 45)). The court agreed with the state's concession, emphasizing that "the Parole Commission and the Governor must exercise the discretion which the law vests in them." Id. Because the Commission (after applying the relevant statutory factors) recommended to the Governor that Lomax be paroled, and the Governor declined to approve the recommendation, the court held that the Commission and the Governor had exercised their statutory discretion. Lomax, in other words, "received the parole consideration to which he was entitled under the applicable statutes." Id. at 483.

We return to Griggs's case. On May 4, 1999, several years after the Governor's press statement about parole, Griggs appeared before the Parole Commission for a hearing on whether he should be recommended for parole under his life sentence. The Commission declined to recommend parole for Griggs and scheduled him for a rehearing in May 2005. The Commission considered the statutory factors for parole consideration, see Md. Code Ann., Corr. Ser. at § 7-305, and offered several reasons for its decision. These included the nature and circumstances of Griggs's offenses, the vulnerability of his victim (a woman of sixty-eight), and problems in the area of "institutional adjustment." With a view toward his eventual rehearing, the Commission recommended that Griggs enroll in the Alternative to Violence Program and that he avoid disciplinary infractions.

Griggs's dissatisfaction with the Parole Commission's decision led him to file a petition for post-conviction relief in the Maryland trial court on September 29, 1999. Griggs alleged that he was denied parole because of the Governor's statement of September 1995 that there would be no parole for prisoners serving life sentences for murder or rape. The Governor's statement, Griggs argued, violated the Ex Post Facto Clause. The state trial court denied relief, relying entirely upon Lomax v. Warden, 741 A.2d 476 (Md. 1999). On the basis of

4

Lomax the trial court concluded that "[t]he Parole Commission and the Governor are fulfilling their statutory duty and exercising the discretion and responsibility mandated under the law." Griggs appealed the decision to the Court of Special Appeals of Maryland, and his appeal was dismissed. Later, the Court of Appeals of Maryland denied his petition for a writ of certiorari. Griggs next filed a petition for a writ of habeas corpus in U.S. District Court, asserting verbatim the claim for post-conviction relief that he had filed in the state trial court. The district court denied his petition, and his appeal is now before us.

II.

Griggs's ex post facto claim focuses on the Governor's press statement that he would deny parole to inmates serving life sentences for murder or rape unless they were very old or terminally ill. The Governor's pronouncement, Griggs argues, constitutes a "law" that violates the Ex Post Facto Clause because it retroactively eliminates his eligibility for parole.[1] Because the Maryland state court adjudicated Griggs's claim on the merits, we apply the standard of review set forth in 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal writ of habeas corpus "shall not be granted . . . unless [the state court's] adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

The Constitution of the United States provides that "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10, cl. 1. The overarching question in this case is whether the Governor's statement constitutes a "law" for purposes of the Ex Post Facto Clause. In

_____

[1] Griggs does not have a claim that the Governor's other statement, that he had directed the Parole Commission not to recommend parole for any inmate serving a life sentence for murder or rape, violates the Ex Post Facto Clause. Notwithstanding this statement by the Governor, the Commission continues to review cases and make parole recommendations to the Governor on inmates serving life sentences. Indeed, the Commission granted Griggs a parole hearing after the Governor's statement, although it decided not to recommend parole.

5

rejecting Griggs's ex post facto claim, the Maryland trial court adopted the reasoning of <u>Lomax v. Warden</u>, 741 A.2d 476 (Md. 1999), which held that the Governor's statement was not a law within the meaning of the Ex Post Facto Clause. We must therefore analyze <u>Lomax</u> to determine whether it is a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. <u>See</u> 28 U.S.C. § 2254(d)(1). In deciding that the Governor's press statement was not a law, the Court of Appeals of Maryland began its analysis by quoting two Supreme Court cases, <u>Collins v. Youngblood</u>, 497 U.S. 37 (1990), and <u>Calder v. Bull</u>, 3 U.S. (3 Dall.) 386 (1798), which discuss "what is prohibited" by the Ex Post Facto Clause. <u>Lomax</u>, 741 A.2d at 480. The Maryland court then focused on the plain language of the clause itself, observing that "the ex post facto prohibition applies only to a `law.'" <u>Id.</u> (emphasis added). Citing Fourth Circuit and state law precedent, the court noted that the concept of an ex post facto "law" is broader than a statute enacted by a legislature,"and may include some administrative regulations." <u>Id.</u> "Nevertheless," the court said, "the ex post facto prohibition does not apply to a `change in guidelines assisting [a government agency] in the exercise of its discretion.'" <u>Id.</u> (quoting <u>Portley v. Grossman</u>, 444 U.S. 1311, 1313 (1980) (Rehnquist, J., chambers op.) (alteration in original)). Finally, the court stated that under its own precedent, which is consistent with that of lower federal courts, parole guidelines that are merely policy statements describing how discretion will be exercised do not have the force of law. <u>Id.</u> Drawing on these principles, the Court of Appeals of Maryland concluded that the Governor's statement, that he would not approve parole for any inmate serving a life sentence for murder or rape (unless the inmate was very old or terminally ill), "was simply an announcement of [nonbinding policy] guidelines as to how the Governor would exercise the discretion which he has under the law." <u>Id.</u> As a result, the court held that the Governor's statement "does not constitute a `law' within the meaning of the ex post facto prohibition." <u>Id.</u>

As Griggs candidly acknowledges in his reply brief, he has been "unable to identify any Supreme Court precedent" that would have required the Court of Appeals of Maryland to hold that the Governor's policy statement to the press is a "law" for purposes of the Ex Post Facto Clause. This concession is unavoidable because the

6

Supreme Court's application of the Ex Post Facto Clause has been limited to statutes and administrative regulations with the force of law. See Rogers v. Tennessee, 121 S. Ct. 1693, 1697 (2001) (noting that "[a]s the text of the Clause makes clear, it `is a limitation upon the powers of the Legislature'" (quoting Marks v. United States, 430 U.S. 188, 191 (1977))); see also Johnson v. United States, 529 U.S. 694, 696 (2000); Lynce v. Mathis, 519 U.S. 433, 441-43 (1997). Accordingly, the Court of Appeals of Maryland could reasonably decide in Lomax that the Governor's statement is not a law for ex post facto purposes. The Lomax decision, in other words, does not run afoul of clearly established federal law as determined by the Supreme Court. Neither does the state court decision in Griggs's case, because that decision followed Lomax. We therefore affirm the district court's dismissal of Griggs's petition for a writ of habeas corpus.**2**

AFFIRMED

_____

**2** Griggs also asserts in his brief to us that the Governor's statement violates the Due Process Clause because it effectively deprives him of a protected liberty interest in being considered for parole. Griggs failed, however, to raise the due process issue in either state court or in the district court. As a result, our certificate of appealability was limited to the one issue Griggs raised, that is, "whether the Governor of Maryland's pronouncement regarding parole eligibility for prisoners serving life sentences violates the Ex Post Facto Clause." Because the due process issue has been procedurally defaulted or waived, we decline to amend the certificate of appealability to include this issue. See Rose v. Lee, 252 F.3d 676, 687-88 (4th Cir. 2001); 28 U.S.C. § 2253(c)(2).

7