**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-50483
Summary Calendar

RUSSELL NORMAN OLSTAD

Plaintiff-Appellant

v.

BRYAN COLLIER, Director, TDCJ Parole Division; RISSIE OWENS, Presiding Officer, Parole Board; JUANITA GONZALES, Parole Board Member; HOWARD THRASHER, Parole Commissioner; CHARLES SHIPMAN, Parole Commissioner

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-677

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Russell Norman Olstad, Texas prisoner # 391985, appeals the district court's judgment granting the defendant's motion for summary judgment and dismissing his 42 U.S.C. § 1983 complaint. Olstad argues that there have been changes in parole policies since he committed the offense of murder in 1984 that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have increased his risk of longer incarceration prior to being released on parole. He asserts that the new policy to disregard good time credits in determining suitability for parole release along with the new policy of requiring violent offenders to serve a significant portion of their sentences before being seriously considered for parole violate the Ex Post Facto Clause. He further contends that the district court erred in relying on the decision in *Wallace v. Quarterman*, 516 F.3d 351 (5th Cir. 2008) because it was a habeas case. He also asserts that the district court erred in finding that a five-year set-off until his next parole review was constitutional. He further argues that the district court abused its discretion in failing to compel the defendants to respond completely to his discovery requests regarding these issues.

This court reviews *de novo* the district court's grant of summary judgment. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003).

With respect to Olstad's argument that the decision in *Wallace* is inapplicable because it involved the review of a habeas application, and not a civil rights complaint, "neither habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Hilliard v. Bd. of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (internal quotations and citation omitted). In determining whether a habeas petitioner was entitled to relief, *Wallace* considered whether changes in Texas parole procedures violated the federal Ex Post Facto Clause. *Wallace*, 516 F.3d at 354–56. This same issue forms the basis of Olstad's § 1983; thus, *Wallace*'s analysis of the alleged constitutional violation could be considered in determining whether Olstad's rights had been violated.

Insofar as Olstad complains about the retroactive application of new parole policies, athough there is no constitutionally protected liberty interest in parole in Texas for purposes of due process, an ex post facto challenge does not turn on the existence of a liberty interest. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir.

1995). "One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000). Retroactive changes to parole laws may, in some cases, violate this precept. *Id.* at 250. The proper inquiry in parole cases is whether the retroactive change in law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id.* (internal quotation marks and citation omitted).

In *Wallace*, this court reasoned that while laws that affect a prisoner's eligibility for parole may have ex post facto implications, laws that affect the discretionary determination of suitability for parole do not. 516 F.3d at 355. Olstad became eligible for parole review after serving 20 years in prison, and he received a parole review. In conducting its review, the Board could consider the additional factors that Olstad now complains of in determining Olstad's suitability for parole release. However, these allegedly new factors affect only the Board's discretionary determination of suitability and do not affect Olstad's eligibility for parole; thus, the factors do not have ex post facto implications.

Moreover, the changes in Texas parole policy do not violate the Ex Post Facto Clause because they do not create a sufficient risk of increasing the length of Olstad's sentence. In evaluating an alleged violation of the ex post facto doctrine, the court must rigorously analyze the level of risk that an inmate's prison stay will be longer because of a change in the law that applies retroactively. *See Garner*, 529 U.S. at 255. However, a new procedure that creates only a speculative and attenuated risk of increasing the measure of punishment does not violate the Ex Post Facto Clause. *California Dep't of Corrections v. Morales*, 514 U.S. 499, 508–09 (1995); *Hallmark v. Johnson*, 118 F.3d 1073, 1078 (5th Cir. 1997).

The imposition by the Board of a potential five-year set-off until Olstad's next parole review presents no ex post facto violation because its effect on increasing Olstad's punishment is merely conjectural. *See Garner*, 529 U.S. at

253–56; *Morales*, 514 U.S. at 509; *see also Creel v. Kyle,* 42 F.3d 955, 957 (5th Cir. 1995). The Board is vested with discretion as to how often to set Olstad's date for reconsideration, with five years for the maximum; the Board is also permitted to adjust subsequent review dates and conduct a special review if Olstad's status changes. Tex. Gov't Code § 508.141(g) (Vernon 2004); 37 Tex. Admin. Code §§ 145.2, 145.11, 145.77 (2009). Thus, the altered policy allowing for up to a five-year set-off creates only the most speculative and attenuated risk of increasing the measure of Olstad's punishment. *See Garner*, 529 U.S. at 253–56; *Morales*, 514 U.S. at 509–14.

And insofar as Olstad complains about the different treatment of good time credits, an amendment that results in the retroactive cancellation of earned good time credits would violate the Ex Post Facto Clause while an amendment that merely creates an opportunity for parole release would not. *See Lynce v. Mathis*, 519 U.S. 433, 446–449 (1997). Olstad has not asserted that he has lost any good time credits that he earned. The fact that Olstad has earned good time is one factor that is considered in determining whether Olstad should be released on parole. Because the changes in the good time credits policy do not preclude the Board from exercising their discretion to release Olstad on parole, they do not result in an ex post facto violation.

Further, the district court did not abuse its discretion in failing to compel the defendants to respond to all outstanding discovery requests because Olstad provided sufficient evidence of the changes in policy that he asserted violated his constitutional rights and failed to show that he required additional discovery. *See King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994).

Olstad also argues that his due process rights were violated based on an unforeseen construction of good time credits by parole administrators that did not exist at the time of his offense and could not be defended under the earlier law. "[L]imitations on ex post facto judicial decisionmaking are inherent in the notion of due process." *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001). Due

process requires a fair warning. *Id.* at 457. Thus, "if a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, the construction , must not be given retroactive effect." *Id.* (internal quotation marks, alterations, and citations omitted). However, due process does not incorporate all of the specific requirements of the Ex Post Facto Clause to judicial decisions. *Id.* at 457–59.

The policy changes provided a framework for Board members to use in exercising their discretion to determine whether an inmate should be released on parole. *See Portley v. Grossman*, 444 U.S. 1311, 1312 (1980). Olstad does not dispute that the Board's decisions on parole were discretionary at the time that he committed the offense. Providing the Board with additional relevant factors to be considered in reaching this discretionary decision was not an unexpected or indefensible policy. *See Rogers*, 532 U.S. at 457. Thus, Olstad failed to demonstrate a due process violation.

Olstad argues that the district court erred in denying his double jeopardy claim because the retraction of the use of his earned good time credits resulted in his repeated punishment for the same crime. The Fifth Amendment's Double Jeopardy Clause protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 801-02 (1989). The denial of release on parole is not an additional punishment. *See Coronado v. United States Bd. of Paroles*, 540 F.2d 216, 218 (5th Cir. 1976). Any change in the future application of good time credits that affects Olstad's parole status is not a double jeopardy violation.

Olstad argues that the district court abused its discretion in denying his motion for appointment of counsel. Olstad was able to adequately present his constitutional claims to the district court. This case does not present exceptional circumstances warranting the appointment of counsel. Thus, the district court did not abuse its discretion in denying the motion. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

The district court did not err in granting the defendants' motion for summary judgment and in dismissing Olstad's § 1983 complaint.[1] The judgment is AFFIRMED.

---

[1]Any error in the district court's alternative dismissal of Olstad's claims for failure to state a claim was harmless because summary judgment was properly supported by the record in this case. *See* FED. R. CIV. P. 56(c).