NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-2103

_____

WILLIAM CONOVER,

Appellant

v.

DR. MERIL MAIN, Superintendent;
ATTORNEY GENERAL OF THE STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-11-cv-06324)
District Judge: Honorable Peter G. Sheridan

_____

Argued October 21, 2014

Before: AMBRO, FUENTES, and NYGAARD, Circuit Judges

(Opinion filed:  February 25, 2015)

Bruce P. Merenstein, Esquire   (Argued)
Christian D. Sheehan, Esquire
Schnader Harrison Segal & Lewis
1600 Market Street, Suite 3600
Philadelphia, PA   19103

        Counsel for Appellant

John J. Hoffman
    Acting Attorney General of New Jersey
Melissa H. Raksa
    Assistant Attorney General, of Counsel

David L. DaCosta
   Deputy Attorney General, on the Briefs
Lisa A. Puglisi, Esquire  (Argued)
Office of Attorney General of New Jersey
P.O. Box 112
25 Market Street
Richard J. Hughes Justice Complex
Trenton, NJ  08625

      Counsel for Appellees

---

OPINION*

---

AMBRO, <u>Circuit Judge</u>

William X. Conover is a civilly committed detainee at the Special Treatment Unit at Avenel, New Jersey, under New Jersey's Sexually Violent Predator Act (SVPA). He appeals the District Court's order denying *habeas* relief. For the following reasons, we affirm.

## I.

In 1993, Conover pled guilty to first-degree aggravated sexual assault, second-degree attempted aggravated assault, first-degree kidnapping, first-degree armed robbery, and second-degree burglary. At the time of sentencing, Conover argued he qualified under New Jersey's Sex Offender Act to serve his sentence at the Adult Diagnostic Treatment Center (ADTC) at Avenel, where he would receive "a program of specialized treatment for his mental condition." N.J.S.A. 2C:47-3(a) (1979). Based on a court-

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ordered psychological evaluation, however, the trial judge determined Conover failed to meet the statutory criteria for incarceration at the ADTC and instead sentenced him to a 24-year prison term, during which he neither requested nor received sex-offender treatment.

While Conover was still incarcerated, the New Jersey Legislature passed the SVPA, allowing it to identify and commit for treatment "a[ny] person who has been convicted . . . for commission of a sexually violent offense, . . . and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment." N.J. Stat. Ann. § 30:4-27.26 (1998). After reviewing Conover's case toward the end of his prison term to determine his eligibility under the SVPA, the State filed a petition for civil commitment in April 2007. Conover "immediately challenged the State's petition, arguing that because he had not been provided with sex offender treatment while he was incarcerated, civil commitment would violate the *ex post facto* clauses of the federal and state constitutions." *In re Civil Commitment of W.X.C.*, 8 A.3d 174 (N.J. 2010).

The SVPA trial judge rejected Conover's facial and as-applied challenges to the SVPA, concluding that the statute was civil (rather than punitive) in nature and therefore did not subject him to *ex post facto* punishment. Further, the judge found that the State had proven by clear and convincing evidence that Conover was a sexually violent predator who qualified for civil commitment. He appealed, and both the New Jersey Superior Court Appellate Division and New Jersey Supreme Court affirmed. The U.S. Supreme Court denied Conover's petition for a writ of *certiorari*.

3

In October 2011, Conover filed a *pro se* petition for a writ of *habeas corpus* in the U.S. District Court for the District of New Jersey, alleging that his state-court commitment order imposes punishment in violation of the U.S. Constitution. The District Court dismissed Conover's petition in full, which it construed as raising Eighth Amendment, *ex post facto*, and double-jeopardy claims, and this appeal followed. We granted a certificate of appealability ("COA") on the three claims identified by the District Court and appointed *pro bono* counsel.[1]

## II.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") constrains our power to disturb a state-court's order of civil commitment. We will reverse a state court's determination of a claim on the merits only if it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As the District Court denied Conover's petition without conducting an evidentiary hearing, our review of its decision is plenary. *See Fahy v. Horn,* 516 F.3d 169, 179 (3d Cir. 2008).

## III.

Conover first challenges the state courts' denial of his *ex post facto* and double-jeopardy claims as contrary to clearly established federal law. In rejecting Conover's

---

[1] We acknowledge the highly professional *pro bono* representation of Conover by Bruce P. Merenstein and Christian D. Sheehan of Schander Harrison Segal & Lewis LLP, and thank them for their able representation.

4

claims, however, the New Jersey Supreme Court reasonably relied on *Kansas v. Hendricks*, 521 U.S. 346 (1997), rejecting similar challenges to the constitutionality of Kansas's analogous civil-commitment statute. While Conover argues that his position is supported by Justice Kennedy's concurrence in *Hendricks*, we agree with the New Jersey Supreme Court that Conover's reasoning much more closely tracks that of the *Hendricks* dissent. *Id*. at 373 (Breyer, J., dissenting) (viewing the statute's failure to "provide Hendricks . . . with treatment until after his release date from prison" as evidence of the Kansas legislature's punitive intent). In any event, only the *Hendricks* majority opinion is clearly established federal law.[2]

To the extent Conover disavows that his constitutional challenges to the SVPA are facial in nature, the District Court correctly held that the Supreme Court's decision in *Seling v. Young*, 531 U.S. 250 (2001), bars him from arguing that the statute is unconstitutionally punitive "as applied" to him.

## IV.

Conover next challenges the District Court's conclusion that his Eighth Amendment claim is not recognized under § 2254. In reaching this conclusion, the District Court relied on our decision in *Leamer v. Fauver*, 288 F.3d 532 (3d Cir. 2002). There we held that 42 U.S.C. § 1983 was the more appropriate vehicle for a prisoner to challenge the denial of sex-offense treatment required for his parole eligibility. We agree

---

[2] Conover posits that Justice Kennedy's opinion is controlling, but in doing so he mischaracterizes Justice O'Connor's opinion for the Court as a plurality opinion. Justice Kennedy wrote separately only to "add . . . additional comments" and "join[ed] the opinion of the Court in full." 521 U.S. at 371 (Kennedy, J., concurring).

5

with Conover that *Leamer* is distinguishable.  While he (like the *Leamer* plaintiff) bases his claim on the allegedly wrongful denial of sex-offender treatment in prison, he (unlike the *Leamer* plaintiff) challenges the effect of that denial on a subsequent order of confinement.  Because "granting [Conover's] petition would 'necessarily imply' a change to the fact . . . of [his civil commitment]," he may proceed under § 2254.  *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010) (quoting *Leamer*, 288 F.3d at 543).

Our conclusion that the District Court incorrectly concluded it was without jurisdiction to hear this claim, however, does Conover little good.  Because the SVPA is not "punitive" in nature, "the law is not a 'cruel and unusual punishment' in violation of the Eighth Amendment."  *Doe v. Miller*, 405 F.3d 700, 723 n.6 (8th Cir. 2005).  Likewise, a "'punitive as applied' argument is foreclosed by *Seling*."  *Hydrick v. Hunter*, 500 F.3d 978 (9th Cir. 2007), *vacated on other grounds by* 129 S. Ct. 2431 (2009).  Conover's Eighth Amendment claim therefore fails on the merits.[3]

## V.

Finally, Conover argues that the District Court erred in not granting him leave to amend his *habeas* petition to include a due-process claim.  However, we did not include this issue in our COA, and because Conover "failed . . . to raise the due process issue in either state court or in the district court," it "has been procedurally defaulted [and] waived."  *Griggs v. Maryland*, 263 F.3d 355, 359 (4th Cir. 2001).  Accordingly, we

---

[3] Accordingly, we need not reach the State's argument that Conover procedurally defaulted this claim by failing to raise it before the state courts.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

decline Conover's invitation to expand the scope of our COA to include this issue.

*   *   *   *   *

We thus affirm the District Court's order denying Conover's petition for *habeas corpus*.